UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALEX SALVAGNO,  :
    *Petitioner*,  :
  :
v.  :  No. 3:17cv318 (MPS)
  :
DIRECTOR, BUREAU OF PRISONS,  :
    *Respondent*.  :

# **ORDER OF DISMISSAL**

On February 22, 2017 the petitioner, Alex Salvagno, an inmate currently incarcerated at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"), brought a petition for writ of habeas corpus [Doc.#1] under 28 U.S.C. § 2241 in this Court. For the following reasons, the petition for writ of habeas corpus is DISMISSED.

    I.    Standard of Review

A petitioner seeking to challenge the execution of his sentence may bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *Carmona v. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). "A § 2241 petition is generally the appropriate vehicle to raise claims arising from such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions . . . and prison conditions. *United States v. Salvagno*, 02 CR 51 (LEK), 2008 WL 5340995, *2 (N.D.N.Y. Dec. 19, 2008) (internal quotation marks omitted).

A federal court has jurisdiction over a habeas corpus petition if the petitioner is "in custody and the custody is allegedly in violation of the Constitution or laws or treaties

of the United States." *Nichols v. Fed. Bureau of Prisons*, 16 Civ. 9140 (BRM), 2016 WL 7232771, *1 (D.N.J. Dec. 14, 2016) (quoting 28 U.S.C. § 2241(c)(3)) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989)). This Court is required under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases to review preliminarily all habeas petitions to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." The court must construe a *pro se* habeas petition liberally to determine whether the petitioner is entitled to relief. *See Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991); *Mamarella v. County of Westchester*, 898 F. Supp. 236, 237 n.1 (S.D.N.Y. 1995) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). The court may "dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

II.  Background

Following a jury trial in 2004, the petitioner was convicted in the United States District Court for the Northern District of New York of conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO), conspiracy to violate the Clean Air Act and the Toxic Substances Control Act, violations of the Clean Air Act, and income tax evasion. Pet. 1; *United States v. Salvagno*, 343 F. App'x 702, 703 (2d Cir. 2009). On December 23, 2004, the district court sentenced him to 300 months imprisonment and ordered him to pay over two million dollars in forfeiture and over twenty-three million dollars in restitution. *Salvagno*, 343 F. App'x at 703. The Second Circuit affirmed his convictions on direct appeal. *Id.* at 702. The petitioner was later resentenced in accordance with a decision from the United States District Court for the

2

Northern District of New York.  *United States v. Salvagno*, 02 CR 51 (HGM), 2006 WL 149048 (N.D.N.Y. Jan. 17, 2006).

In March 2015, the petitioner submitted a request for a reduction in sentence ("RIS") under 18 U.S.C. § 3582(c)(1)(A)(i), also known as a request for compassionate release, to then Warden H. Quay at FCI Danbury based on family circumstances, particularly so that he could care for his son who was ill.  Pet'r's Mem. at 3.

Section 3582(c)(1)(A)(i) authorizes a court, "upon motion of the Director of the Bureau of Prisons," to reduce an inmate's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction."  The Bureau of Prisons ("BOP") uses § 3582(c)(1)(A) in "extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing."  28 C.F.R. § 571.60.  An inmate seeking compassionate release under § 3582(c)(1)(A) must first submit a written request to the warden, explaining the extraordinary or compelling circumstances warranting release and his proposed plans upon release, including where he will reside and how he will support himself.  28 C.F.R. § 571.61.  If after reviewing the inmate's request, the warden determines that a sentence reduction is warranted, he or she must refer the matter in writing to the Office of General Counsel.  28 C.F.R. § 571.62.  If the General Counsel determines that the request warrants approval, he or she will solicit the opinion of either the Medical Director or the Assistant Director of the Correctional Programs Division, depending on the nature of the request, and the United States Attorney's Office in the district where the inmate was sentenced.  *Id.*  He or she will then forward the opinions and the entire matter to the Director of the BOP "for final decision, subject to the general supervision and direction of the Attorney General and

Deputy Attorney General." *Id.* If the Director agrees that the request warrants approval, he will contact the United States Attorney in the district where the inmate was sentenced and move the sentencing court to reduce the inmate's sentence to time served. *Id.* Upon granting of the motion, the warden of the institution where the inmate is confined will then release the inmate. *Id.*

If the warden, General Counsel, or BOP Director deny the inmate's RIS request, he or she must provide the inmate with a written notice explaining the reasons for the denial. 28 C.F.R. § 571.63. The inmate may appeal the warden's denial of his request through the Administrative Remedy Procedure outlined in subpart B of 28 C.F.R. § 542. *Id.* However, a denial by either the General Counsel or BOP Director "constitutes a final administrative decision" and is not appealable. *Id.*

After reviewing the petitioner's RIS request, Warden Quay wrote a letter to the General Counsel recommending that the petitioner's request be approved. Pet'r's Mem. At 8-9, *see also* ECF No. 1-7. The Office of General Counsel then gathered input from the United States Attorney's Office and the Assistant Director for the Correctional Programs Division, in accordance with 28 C.F.R. § 571.62, and court filings and transcripts from the petitioner's family court proceedings. While the investigation was pending, the petitioner filed a motion under 28 U.S.C. § 2255 in the United States District Court for the Northern District of New York, the district that sentenced him, to compel the BOP to expedite its response to the RIS request.

After conducting its investigation, the General Counsel denied the petitioner's RIS request, reasoning as follows:

> Mr. Salvagno's RIS is denied because of his criminal conduct. Over several years he directed employees of his company to perform illegal

4

> stripping and disposal of asbestos and to conduct fraudulent air monitoring and laboratory analysis, in an effort to cover up illegal abatement procedures. His conduct increased the likelihood of death of or serious bodily injury to at least 468 victims, a number of whom were present in contaminated elementary schools, churches and offices, and resulted in a total loss of $22,875,575.46.
>
> Also, two of Mr. Salvagno's children are being cared for by their maternal uncle, and the family court has directed that the third child remain in foster care. Accordingly, his RIS request is denied.

Resp's Ex. G [ECF No. 5-8]. On September 8, 2016, the sentencing court denied the petitioner's motion to compel, finding that challenges to the BOP's actions were not cognizable under § 2255 and should, instead, be raised in a habeas corpus action under § 2241 in the District of Connecticut, the district where the petitioner is confined. Pet'r's Mem. at 14. The petitioner requested reconsideration of the General Counsel's decision, but his request was denied. *Id.* at 15-16.

On February 22, 2017, the petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2241. As a remedy, he seeks an order for the BOP Director to "reconsider" his request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Pet'r's Mem. at 43. On April 18, 2017, the respondent filed a response, arguing that this Court should dismiss the petition for lack of jurisdiction and/or failure to exhaust administrative remedies. Resp. to Pet. [Doc.#5]. The respondent also argues that the BOP Director's decision not to move for compassionate release was reasonable. *Id.* The petitioner thereafter filed a reply [Doc.#12-1], arguing that the respondent failed to satisfy his burdens of showing that administrative remedies were available to the petitioner and that the presumption favoring judicial review of agency decisions did not apply to this case.

III. <u>Analysis</u>

5

While it is well-established that a petitioner may challenge the "execution" of his sentence in a habeas corpus petition brought under § 2241, *see Jiminian*, 245 F.3d at 146, neither the United States Supreme Court nor the Second Circuit has addressed a district court's authority to entertain petitions challenging the BOP's refusal to file a motion for compassionate release under § 3582(c)(1)(A)(i). The statute permits a district court to grant an inmate early release only "upon motion of the Director of the [BOP]." 18 U.S.C. § 3582(c)(1)(A). In this case, the BOP through the Office of the General Counsel chose not to file a motion for compassionate release on the petitioner's behalf for various reasons, including the severity of the petitioner's criminal conduct and the determinations made by the family court regarding the care of his children.

Several other Courts of Appeal have concluded that courts do not have the authority to review a refusal by the BOP to file a motion for compassionate release. *See Fields v. Warden Allenwood USP*, 17 Civ. 1045, 2017 WL 1241953, *1 (3d Cir. 2017) (BOP's decision to file motion under § 3582(c)(1)(A)(i) not judicially reviewable; statute plainly vests decision solely with BOP); *Cruz-Pagan v. Warden, FCC Coleman-Low*, 486 F. App'x 77, 79 (11th Cir. 2012) (§ 2241 does not give district court subject matter jurisdiction to grant compassionate release absent motion from BOP under § 3582(c)(1)(A)); *Crowe v. United States*, 430 F. App'x 484, 484-85 (6th Cir. 2011) (federal courts have no authority to review or countermand BOP's decision not to seek compassionate release for inmate); *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997) (petitioner not entitled to compassionate release absent motion from BOP Director); *Fernandez v. United States*, 941 F.2d 1488, 1493 (11th Cir. 1991) (district court is precluded from reviewing BOP's refusal to file motion for release); *Simmons v.*

*Christensen*, 894 F.2d 1041, 1042-43 (9th Cir. 1990) (affirming dismissal of § 2241 petition based on refusal of BOP to move for sentence reduction); *see also Turner v. United States Parole Com'n*, 810 F.2d 612, 618 (7th Cir. 1987) (no restrictions on BOP's discretion to move for sentence reduction); *but see Todd v. Fed. Bureau of Prisons*, 31 F. App'x 833, *2 (5th Cir. 2002) (Court declined to address question whether it had jurisdiction to review appeal from BOP's refusal to reduce imprisonment under § 3582(c)(1)(A) because denial of request was in accordance with regulations). The court is not aware of any appellate decision, and the petitioner has not cited any, holding that an inmate may challenge a BOP Director's refusal to move for compassionate release under § 3582(c)(1)(A), particularly via a habeas corpus petition.

The overwhelming majority of district courts also have dismissed habeas corpus petitions challenging the BOP's refusal to move for compassionate release on an inmate's behalf. *Stewart v. United States*, No. 02 CR 0395 JGK, 2013 WL 4044756, at *5 (S.D.N.Y. Aug. 9, 2013) ("Accordingly, consistent with all persuasive authority and the plain terms of section 3582, a district court cannot order the petitioner's compassionate release unless the Director of the BOP has made a motion for such relief pursuant to section 3582."); *Hazel v. Ormond*, 16 Civ. 71 (DLB), 2016 WL 2354234, *4 (E.D. Ky. May 4, 2016) (district court cannot order BOP to reconsider decision not to move for compassionate release); *Heard v. Quintana*, 184 F. Supp.3d 515, 522 (E.D. Ky. 2016) ("Compassionate release cannot be granted in a § 2241 proceeding"); *Mundo-Violante v. Kirby*, 14 Civ. 174 (KRG/KAP), 2015 WL 12914319, *1 (W.D. Pa. Jan. 12, 2015) (complaint about denial of compassionate release not proper subject of habeas corpus petition); *Chu v. Hollingsworth*, 14 Civ. 4598 (RMB), 2014 WL 3730651, *3 (D.N.J. Jul.

7

28, 2014) (BOP's decision whether to file motion for compassionate release judicially unreviewable); *Harris v. Cross*, 14 Civ. 306 (DRH), 2014 WL 1119619, *2 (S.D. Ill. Mar. 14, 2014) (habeas court did not have authority to review BOP's decision not to move for compassionate release); *Richmond v. Ebbert*, 13 Civ. 3095, 2014 WL 279741, *2 (M.D. Pa. Jan. 23, 2014) (district court lacks authority to review BOP's decision not to seek compassionate release); *Crawford v. Woodring*, 08 Civ. 362 (PLA), 2009 WL 6575082, *6 (C.D. Cal. Dec. 11, 2009) (same); *United States v. George*, No. 10-CR-632 (RRM), 2016 WL 843282, at *4 (E.D.N.Y. Mar. 1, 2016) (district court has no authority to consider request for compassionate release absent motion from BOP); *Jones v. United States*, 06 Civ. 2599, 2006 WL 3469584, *5 (S.D. Tex. Nov. 28, 2006) (no jurisdiction over BOP decision declining to move for compassionate release); *Morales v. United States*, 353 F. Supp.2d 204, 205 (D. Mass. 2005) (district court cannot modify sentence under § 3582(c)(1)(A) absent motion from BOP Director); *but see United States v. Maldonado*, 138 F. Supp.2d 328, 332 (E.D.N.Y. 2001) (habeas petition under § 2241 is appropriate vehicle to review denial of compassionate release); *United States v. Dresbach*, 806 F. Supp. 2d 1039, 1042 (E.D. Mich. 2011) (determining BOP refusal to grant compassionate release was within its discretion).

This Court agrees with the majority of district courts and Courts of Appeals that it does not have the authority to review the BOP's decision declining to move for compassionate release on the petitioner's behalf under § 3582(c)(1)(A)(i). The statute plainly provides that a court may reduce a term of imprisonment only upon the filing of a motion by the BOP Director. *Cruz-Pagan*, 486 F. App'x at 79. Thus, in enacting this statute, Congress granted the BOP sole discretion in deciding whether to move for

compassionate release. *Crowe*, 430 F. App'x at 485; *Nichols*, 2016 WL 7232771, *2; *see also Turner*, 810 F.2d at 615 (Congress intended to preclude judicial review of BOP's decision whether to seek sentence reduction). It placed no limits on the BOP's authority to seek or not to seek a sentence reduction for an inmate. *Crowe*, 430 F. App'x at 485. At least under the circumstances of this case, then, this Court has no authority to review the BOP's refusal to move for compassionate release on the petitioner's behalf.

The cases upon which the petitioner relies in support of his jurisdiction argument are distinguishable. None of them stand for the proposition that a district court has the authority to review the BOP's refusal to move for compassionate release on an inmate's behalf. Instead, the majority of those cases involve the court's authority under § 2241 to review BOP decisions regarding an inmate's place of confinement. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (unlawful confinement in wrong institution falls within ambit of § 2241 because it concerns unlawful imposition of physical restraint); *Wong v. Warden, FCI Raybrook*, 171 F.3d 148, 149 (2d Cir. 1999) (judicial review existed over claim that prisoner was denied transfer to Canadian prison because of race or retaliation); *McCarthy v. Doe*, 146 F.3d 118, 120 (2d Cir. 1998) (BOP failed to consider petitioner's request for *nunc pro tunc* designation of prison facility).

Moreover, this is not a case where the BOP failed to consider the petitioner's request for relief. *See McCarthy*, 146 F.3d at 121 (BOP failed to consider plaintiff's request for *nunc pro tunc* designation on mistaken belief that it was powerless to designate without federal court ruling); *Barden v. Keohane*, 921 F.2d 476, 483 (2d Cir. 1990) (BOP improperly refused to consider request for designation). The petitioner does not allege that the BOP failed to consider his RIS request. Instead, he merely disagrees

with its analysis and ultimate decision not to move for compassionate release on his behalf. Because § 3582(c)(1)(A)(i) gives the BOP complete discretion in deciding whether to pursue such a motion, the petitioner is not entitled to judicial review through a habeas corpus petition.

The petitioner argues that the presumption of judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, applies to this case and that the respondent has not satisfied his burden of overcoming that presumption. Pet'r's Reply Mem. at 18. Section 702 of the APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." However, under 5 U.S.C. § 701(a), judicial review of agency action is prohibited if (1) the relevant statute(s) precludes judicial review or (2) the agency's action is committed to agency discretion by law. *Heckler v. Chaney*, 470 U.S. 821, 828 (1985). Section 701(a)(1) applies "when Congress has expressed an intent to preclude judicial review." *Id.* at 830. Section 701(a)(2) applies "if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Id.*

Although both subsections of § 701(a) arguably prohibit judicial review of the BOP's decision in this case, the Court agrees with the Sixth, Seventh, and Eleventh Circuits that subsection (a)(1) applies because § 3582(c)(1)(A)(i) prohibits judicial review. *See Crowe*, 430 F. App'x at 484-85 (§ 3582(c)(1)(A)(i) gives federal court no authority to review or countermand BOP's decision not to seek compassionate release for inmate); *Fernandez*, 941 F.2d at 1493 (early release statute, which provides that court may reduce imprisonment term to time served "[a]t any time upon motion of the [BOP],"

precludes judicial review of BOP's inaction); *Turner*, 810 F.2d at 615 (same); *Voelzke v. Kirby*, 14 Civ. 108 (KRG/KAP), 2014 WL 12206621, *1 (W.D. Pa. Jun. 3, 2014) ("It is hard to find a clearer legislative statement than in . . . § 3582(c)(1)(A) that the filing of a petition under either . . . § 3582(c)(1)(A)(i) or . . . § 3582(c)(1)(A)(ii) is committed to the discretion of 'the Director of the [BOP]'"). The statute clearly makes the BOP's decision to file a motion for compassionate release a condition precedent to the court's review. Therefore, the inability of this court to review the BOP's decision not to move for compassionate release is in accordance with the provisions of the APA.

IV. Conclusion

Absent a motion from the BOP to seek compassionate release on the petitioner's behalf, this Court lacks the authority to review the petitioner's claims. His petition for a writ of habeas corpus is, therefore, DISMISSED. In light of this disposition, the petitioner's motion for an expedited status conference [Doc.#18] is DENIED. His second motion for leave to proceed *in forma pauperis* [Doc.#20] is GRANTED. The petitioner's motion for sanctions [Doc. # 21] is also denied, as the Court concludes that the statement in question was not entirely devoid of a factual basis and was not, in any event, material to the disposition in this case. *See Kiobel v. Millson*, 592 F.3d 78, 81 (2d Cir. 2010) ("A statement of fact can give rise to the imposition of sanctions only when the particular allegation is utterly lacking in support.") (internal quotation marks omitted). The petitioner's motion for leave to inform the Court of relevant developments [Doc. # 23], motion for reconsideration of the Court's [Doc. # 16] order on motion to appoint counsel [Doc. # 25], and motion to expedite the motion for reconsideration [Doc. # 26] are hereby

DENIED as moot. The Clerk is directed to enter judgment for the respondent and close this case.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:	Hartford, Connecticut
	November 7, 2017