UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALEX SALVAGNO, | : | |
| *Petitioner*, | : | |
| | : | |
| v. | : | No. 3:17-cv-318 (MPS) |
| | : | |
| DIRECTOR, BUREAU OF PRISONS, | : | |
| *Respondent*. | : | January 16, 2018 |

**RULING ON PETITIONER'S POST-JUDGMENT MOTIONS TO AMEND THE JUDGMENT, SUPPLEMENT HIS PETITION WITH A NEW CLAIM, AND REDOCKET THE PETITION (ECF Nos. 29, 30, 33, 39)**

On September 6, 2016, the petitioner, Alex Salvagno, an inmate currently incarcerated at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"), brought a petition for writ of habeas corpus (ECF No. 1) under 28 U.S.C. § 2241 in this Court. His petition was grounded in the Bureau of Prisons ("BOP") Director's decision not to move for compassionate release on his behalf under 18 U.S.C. § 3582(c)(1)(A)(i) and sought an order from this court mandating that the Director "reconsider" his request for a reduction in sentence. Pet'r's Mem. (ECF No. 1-1) at 43. On November 7, 2017, this court dismissed the petition for lack of subject matter jurisdiction over the petitioner's claim. Order of Dismissal (ECF No. 27).

On November 13, 2017, the petitioner filed a motion to supplement his petition with a new claim that his sentence violated due process because it was enhanced based on a finding of fact that was "materially inaccurate" in light of new evidence he received. Mot. for Leave to Suppl. (ECF No. 29); Mem. in Supp. of Supplemental Pet. for Writ of Habeas Corpus ("Pet'r's Mem.") (ECF No. 29-2) at 6. He also filed a motion to (1) re-docket his petition "as a new petition . . . in a new case," (2) "change the case caption . . .

from 'Alex Salvagno, Petitioner v. Director, Bureau of Prisons, Respondent' to 'Alex Salvagno, Petitioner v. Warden D.K. Williams, FCI Danbury, Respondent,' and (3) "continue his *in forma pauperis* status to the new case." Mot. to Redocket (ECF No. 30). The petitioner asserts that he filed his motion to supplement his petition before he received notification of the court's dismissal of his petition for lack of jurisdiction. *Id.* at 2-3. The respondent argues that the petitioner is not entitled to amend his petition post-judgment and that the claim regarding the length of his sentence is not properly before this court. Resp. to Pet'r's Mot. to Suppl. (ECF No. 32).

On December 8, 2017, the petitioner filed a third motion for the court to set aside its previous judgment dismissing the petition for lack of jurisdiction and rule on the pending motions to supplement and redocket his petition. Mot. to Amend J. (ECF No. 33). Finally, on January 8, 2018, the petitioner filed a motion to withdraw his previous request for an extension of time to respond to any written response by the respondent on his motion to amend the judgment (ECF No. 33). Mot. to Withdraw (ECF No. 36).

On December 11, 2017, the petitioner filed a separate petition for writ of habeas corpus under 28 U.S.C. § 2241 against Warden D.K. Williams. *Salvagno v. Williams*, 3:17cv2059 (MPS). In the new petition, the petitioner raises the same due process claim with which he sought to supplement his first § 2241 petition.

To the extent the petitioner seeks an order vacating this court's previous judgment dismissing his petition for lack of jurisdiction, his motions are denied. Where a petitioner seeks to amend his petition after final judgment without bringing a motion to vacate or set aside the prior judgment under Rule 59(e) or 60(b), the court must treat the motion to amend "as a simultaneous motion to vacate the judgment on the original [petition]."

*Faryniarz v. Ramirez*, 62 F. Supp.3d 240, 246 (D. Conn. 2014). Thus, "[u]nless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the [petition]." *Nat'l Petrochem.*, 930 F.2d at 245; *see also Jenkins v. Cnty. of Washington*, 14 Civ. 64 (GTS/RFT), 2016 WL 4401372, *3 (N.D.N.Y. Aug. 18, 2016) (denying motion to amend without any basis to set aside judgment). Here, the petitioner's post-judgment motions do not provide this court with any valid legal basis to vacate its prior judgment and, in particular, any new law or information that would confer subject matter jurisdiction over his claim against the BOP Director.[1]

As for the petitioner's requests to supplement, redocket, and/or amend his petition to include the due process claim against Warden D.K. Williams regarding the length of his sentence, such requests are now moot in light of the petitioner's commencement of a new § 2241 petition asserting the same claim against the same respondent. Therefore, in light of this new development and the lack of any justifiable reason to vacate the court's previous judgment, the petitioner's post-judgment motions to vacate, supplement, and redocket his petition and other post-judgment motions (ECF Nos. 29, 30, 33, 36, and 39) are DENIED. The Clerk is directed to close this case.

It is so ordered.

Dated at Hartford, Connecticut this 16th day of January 2018.

---

[1] Salvagno's arguments concerning the mailbox rule, i.e., that by virtue of that rule, his motion to supplement should be treated as predating the judgment, would not change the result even if the Court adopted them. Because his proposed supplement asserts a claim entirely unrelated to the one asserted in this petition, and seeks different relief against a different defendant, the Court would have, especially in light of his filing of a new Section 2241 petition asserting an identical new claim, *Salvagno v. Williams*, 3:17cv2059 (MPS), denied the motion to supplement even if it did precede the entry of judgment. Doing so would not have prejudiced Salvagno in light of the new petition.

                                    /s/
                              Michael P. Shea
                              United States District Judge